

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00225-CV

ULLJA KUNTZE,

Appellant

v.

SANDRA COWAN AND WILLIAM E. FASON,

Appellee

From the 21st District Court
Burleson County, Texas
Trial Court No. 28,904

And

## No. 10-17-00245-CV

## EX PARTE ULLJA KUNTZE

Original Proceeding

---

## ORDER AND NOTICE TO FILE RECORD

---

The Court issued an order in these two proceedings on October 18, 2017. After a

recitation of the procedural history of the proceedings in the trial court and at this Court,

we ordered the direct appeal stayed. In the original proceeding, the Court questioned whether we had jurisdiction of the original proceeding because there did not appear to be an adequate order upon which to support the pursuit of an original proceeding and requested a response.

The Plaintiff/Appellant/Petitioner, Ullja Kuntze, has filed a motion to reconsider in each proceeding. The motions, while unnecessarily combative, do point out some mistakes made by the Court in the recitation of facts. These mistakes were the result of misunderstanding some of the documents that had been filed and a miscommunication between the members of the Court and the Court's Clerk, primarily regarding how to file Kuntze's motion wherein she sought review of the trial court's determination that she was not unable to afford the payment of court cost.

We will briefly address Kuntze's concerns and explain the corrections the Court, or its Clerk, has made or will make before we address other issues in these proceedings. Kuntze first argues that the motion was not filed in the original proceeding as recited in the order. She is correct. At the time we issued the order, the Court failed to effectively communicate to the Court Clerk that the motion filed in the direct appeal relating to the review of the trial court's determination that Kuntze was not unable to afford to pay court cost needed to be moved to the original proceeding. This has now been done, and the motion stricken from the direct appeal.[1] This correction alone cures many of the

---

[1] Because the document contained three different motions, only the motion to challenge the trial court's order is stricken from the appeal and filed in the original proceeding. The motion for sanctions and the motion to stay the appeal will remain filed in the direct appeal.

complaints that Kuntze has made in her motions for rehearing.

Kuntze however focuses on the fact that she has filed four notices of appeal, and numbers them in the sequence she filed them. First, the sequence in which she filed them is not relevant to the issues before the Court. Second, the total number of notices of appeal filed is not relevant to the issues before the Court. What is relevant is the trial court proceeding which Kuntze seeks to have reviewed and the procedural vehicle by which we might have jurisdiction to review the rulings made therein. Thus, we will not try to explain why what the Court referred to as the "second" notice of appeal related to the same trial court proceeding was improper except as may be necessary at a future date to determine the nature of the original proceeding and our jurisdiction to review the issue of the trial court's determination that Kuntze is not unable to afford the payment of court cost.

Several of Kuntze's other complaints focus the Court's attention on the Court's misunderstanding of what was filed in the trial court. The Court thought that a motion to be determined indigent had been filed in the trial court proceeding after the trial court's judgment. It should be remembered that, because we are in the preliminary stages of this proceeding and there is the issue of whether Kuntze can afford to pay the cost of the appeal, the Court does not have a clerk's record. What the Court has is a relatively few documents that have been provided to the Court by Kuntze as attachments to her various motions, or documents the trial court clerk has provided in response to Kuntze's filings. We readily admit this is not an ideal process and has severely limited our ability to

understand the development of the issues we are trying to address. That is also why the Court has stayed the direct appeal until it can determine if the Court has jurisdiction to review the trial court's decision that Kuntze is not unable to afford to pay for court cost; the Court is trying to determine how to get a record and who must pay for it. It now appears that Kuntze did not file a motion to be determined indigent in the trial court proceeding after the trial court's judgment. Accordingly, the statements in that regard in the Court's October 18, 2017 order were inaccurate. It thus also appears that there was not a second affidavit of indigence filed in the trial court proceeding as was originally believed and as stated in the Court's recitation of its procedural history in the order.

Furthermore, the Court's references to a setting of the motion for a hearing flowed from our understanding that a motion had been filed. Thus, the references in the October 18, 2017 order to a request for, and setting of the motion for a hearing, were also inaccurate. It appears the trial court coordinator simply issued a notice of hearing, and based on what we currently have before us, apparently without a written motion or written request to do so. This hearing was essentially canceled at the emailed request of Kuntze. Kuntze criticizes the Court for referencing this email which Kuntze contends was not filed by her and was not served on her if it was provided to the Court by another person or court officer. She does not contend the email does not exist or that the Court mischaracterized its content. She simply complains that we should not have access to it at this juncture. Thus, Kuntze seems to appreciate the need to receive copies of everything filed with the Court; but yet, she has repeatedly sent documents and

communicated with the Court's Clerk without providing copies to all the opposing parties. Kuntze must be careful to serve the other parties to the proceedings with a copy of each communication with the Court or Court Clerk. While the Court believes that Kuntze provided the referenced email as an attachment to one of her numerous communications with the Court or Clerk, it is not important, at this juncture, how it was obtained. The Court will not make a substantive ruling on the basis of the email unless and until it is properly included in a properly prepared, certified, and filed record.

Kuntze is also critical of the Court for not having told her before our order that she used the wrong form for the notice of appeal. The form she used did not indicate that she had previously been determined to be indigent.

**ORDER — APPELLATE COST**

In response to the Court's order, Kuntze has filed an amended notice of appeal that reflects that the trial court had determined, on April 10, 2017, that she was indigent. Accordingly, Kuntze is entitled to proceed *on appeal* without payment of *appellate court cost* in the direct appeal (the Court already determined Kuntze is allowed to proceed without payment of cost in the original proceeding), and it is so Ordered.

**NOTICE — TRIAL COURT COST**

Also, upon this April 10, 2017 ruling of the trial court, Kuntze is entitled to proceed on appeal without paying *trial court cost*, which includes the record needed for the appeal, unless the declaration, and as applicable to this case, the determination, is challenged by a motion pursuant to Rule 145(f). *See* TEX. R. CIV. P. 145(f).

Kuntze contends that the notice of appeal filed on July 27, 2017 gives this Court jurisdiction to review the order, written only on the trial court's docket sheet, that Kuntze is not indigent. We disagree. Rule 145(g)(1) makes it clear that this Court conducts its review, if any, on a motion filed with this Court and not by a notice of appeal from the order. *Id.* (g)(1). That motion is the motion that Kuntze filed in the direct appeal, and which we have moved to the original proceeding so that it can be properly reviewed.

However, after the foregoing corrections to the Court's understanding of the procedural posture of this proceeding, it appears that not only was no motion to determine Kuntze indigent filed by Kuntze, no motion was filed under Rule 145(f) to challenge the trial court's prior determination. But without a record from the trial court clerk and reporter related to the trial court's order, we are unable to move forward with our analysis and determination.

Accordingly, this is the notice pursuant to Rule 145(g)(3) of the Texas Rules of Civil Procedure to the ***trial court clerk*** and the ***trial court reporter*** requesting preparation of the record of all trial court proceedings *on the declarant's claim of indigence*. The Court requests these limited records within **21 days** from the date of this order. The requested records must be provided without charge. *See* TEX. R. CIV. P. 145(g)(3).

**RESPONSE REQUESTED**

Finally, the Court, with regard to *Ex Parte Kuntze*, 10-17-00245-CV, again requests a response from ***Kuntze***, or ***any other party***, ***the trial court clerk***, ***the trial court reporter***, or ***the trial court***, regarding whether the Court has jurisdiction under Rule 145(g)(4), to

review the trial court's order, which appears to exist only in the form of a docket entry, which purports to determine that Kuntze is not indigent.

**WARNING TO KUNTZE**

The Court now makes an observation and a recommendation to Kuntze. In the course of the two motions which are the subject of this order, Kuntze has described the Court as having repeatedly lied; being ignorant, mentally unsound, deranged, and drowning itself in lies; that it has made a false order, created an imaginary proceeding, committed illegal behavior, committed "THEFT;" and, that its decision making is an absurdity and is "unprecedented, inexcusable, unpardonable, and yes, unreasonable, too!" While the Court puts no reliance on Kuntze's use of hyperbolic language in making its rulings, the use of such over-the-top adjectives and phrases to characterize the Court is not productive. We understand from some of the pleadings that Kuntze has filed that she was not raised in Texas, or even the United States. And we do not judge the culture in which she was raised if such rhetoric, confrontational and derogatory remarks, are an accepted form of communication. However, we respectfully suggest that Kuntze focus her efforts on the merits of the Court's orders, refrain from such rhetoric, and treat the Court and its staff with courtesy and respect.

The Court has given Kuntze considerable latitude in these proceedings and is itself working through the difficulties and uncertainties created by the procedures defined by an amended Rule 145 of the Texas Rules of Civil Procedure and an amended Rule 20.1 of the Texas Rules of Appellate Procedure. Kuntze, and the other parties to these

proceedings, can either assist or resist the Court in its efforts to clarify and define the process. Regardless of Kuntze's choice, the Court cannot continue to devote the time spent in addressing issues raised by Kuntze that do not move these proceedings to a conclusion.

Accordingly, future filings by Kuntze which complain about how something is filed or characterized in TAMES (Texas Appeals Management and e-Filing System) will not be responded to and will be dismissed as immaterial or frivolous or summarily denied if the complaints cannot affect the ultimate outcome of the proceeding.

**MOTIONS TO RECONSIDER**

The motions to reconsider filed by Kuntze in both of these proceedings on November 1, 2017, are denied.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motions denied
Record requested
Response requested
Order issued and filed January 3, 2018
Publish

